In the
United States Court of Appeals
For the Seventh Circuit

No. 01-3141

Valerii Krougliak,

Petitioner,

v.

Immigration and Naturalization Service,

Respondent.

On Petition for Review from a
Final Order of the Board of Immigration Appeals

Argued April 18, 2002--Decided May 7, 2002

Before Flaum, Chief Judge, and Harlington Wood, Jr. and Posner, Circuit Judges.

Flaum, Chief Judge. Valerii Krougliak, an alien ordered deported by the Immigration and Naturalization Service, appeals the Board of Immigration Appeals' denial of his motion to reopen his case and its disposition of his motion to remand for adjustment of alien status. For the reasons stated below, we affirm the decisions of the Board.

I.  BACKGROUND

Valerii Krougliak entered the United States as a visitor in 1991 and, almost immediately, filed an application for asylum. Krougliak claimed that, as a member of the Uniat Catholic Church and a "Greek Catholic," he was subjected to persecution in his native Ukraine. Four years later, the INS denied Krougliak's petition, and on August 15, 1995, he was asked to show cause why he should not be deported.

During a deportation hearing held in May of 1996, Krougliak again renewed his request for asylum. With his renewed application, Krougliak also attached his own affidavit, requesting a stay of proceedings until he received further documentation evidencing his persecution in the Ukraine. Krougliak's case was continued until May 5, 1997. When the

proceedings resumed, Krougliak furnished the Immigration Judge with statements from other individuals speaking to the persecution suffered by adherents to his faith. Notwithstanding Krougliak's submissions, the Immigration Judge denied asylum because Krougliak had not shown a reasonably objective basis for his fear of returning home.

Krougliak then filed, pro se, an appeal of the Immigration Judge's decision with the Board of Immigration Appeals. During the pendency of his appeal, Krougliak learned that his mother became gravely ill and was moved (or was in the process of moving) from the Ukraine to France. Krougliak requested advance parole from the INS to visit his ailing mother./1 The INS, however, did not permit Krougliak to leave the country. On August 7, 1998, in an opinion adopting the Immigration Judge's findings, the Board dismissed Krougliak's appeal from the denial of asylum and issued a final order of deportation.

Almost two months after the Board's decision, in October of 1998, Krougliak, filed a motion to reopen the proceedings./2 According to his motion, he had received new and previously unavailable evidence which would have supported his asylum application. This evidence consisted of a letter, dated April 6, 1997, allegedly from a Ukranian government official, claiming that Greek Catholics continue to be persecuted in the Ukraine. Along with this letter, Krougliak submitted an affidavit purporting to explain why this evidence was previously unavailable. According to Krougliak, his mother had acquired the document, but refused to send it to him, in part, because she feared that, if he was granted asylum she would never see her son again. After his mother's death, his aunt sent him a copy of the letter.

During the pendency of his motion to reopen proceedings, Krougliak filed a motion to remand his case to an Immigration Judge for an adjustment of status. Apparently, Krougliak's wife had obtained her citizenship, which made an immigrant visa available to him. On July 31, 2001, the Board dismissed Krougliak's motion to reopen and his motion to remand. Referring to Krougliak's motion to reopen, the Board found that Krougliak failed to establish that the information

he presented was previously unavailable. As for Krougliak's motion to remand for adjustment of status, the Board treated that motion as a second motion to reopen. According to the Board, Krougliak's case had already been closed; therefore, there was nothing to "remand." Because this second motion was treated as a motion to reopen, it was untimely pursuant to the regulatory guidelines. See 8 C.F.R. sec. 3.2 (c)(2) (a motion to reopen must be filed "no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened"). The final administrative decision in this case occurred on August 7, 1998 and Krougliak filed his motion to remand on March 30, 2001. Krougliak now appeals the Board's decisions with respect to both motions.

## II. DISCUSSION

When a denial of a motion to reopen is based upon an alien's failure to produce previously unavailable evidence, we review such decisions for an abuse of discretion. See Karapetian v. INS, 162 F.3d 933, 937 (7th Cir. 1998). In reviewing the Board's decision to construe Krougliak's motion to remand as a motion to reopen, we accord the Board considerable deference in interpreting its own regulations. See Perez-Rodriguez v. INS, 3 F.3d 1074, 1079 (7th Cir. 1993). Under this standard, the Board's decision will "be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." Mansour v. INS, 230 F.3d 902, 907 (7th Cir. 2000) (internal citations omitted).

### A. Motion to Reopen

We find that the Board of Immigration Appeals did not abuse its discretion in denying Krougliak's motion to reopen proceedings. As set forth by administrative regulation, "a motion to reopen . . . shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. sec. 3.2 (c)(1). Furthermore, the Board has found, and we agree, that a motion to reopen

should not be granted unless the acts or evidence presented "could not by the exercise of due diligence have been discovered earlier . . . ." Matter of Coelho, 20 I & N Dec. 464, 472 n.4 (BIA 1992).

When we examine the circumstances of Krugliak's motion to reopen, it appears that the evidence he wished to present was neither new nor previously unavailable. First and foremost, the document that formed the basis of Krugliak's motion to reopen was in existence at the time of his asylum hearing. Krugliak's assertion that such evidence "was outside the U.S. and impossible . . . to obtain" is undercut by the fact that he received (and presented) other documents from the Ukraine, through non-traditional means, such as personal couriers. The document does not appear so sensitive that it could not have been obtained (and subsequently transmitted to Krougliak) by other individuals. Furthermore, any argument that Krougliak's mother refused to release the document to him is not supported by the record. In papers filed with the INS, in which he sought to visit his ailing mother during the pendency of his BIA appeal, Krougliak failed to mention that his mother was in possession of documents that could have been helpful to his asylum application.

In the context of deportation proceedings, a movant bears a heavy burden to reopen matters due to the discovery of previously unavailable evidence. See INS v. Abudu, 485 U.S. 94, 110 (1988). In light of this burden and the facts highlighted above, the BIA acted within its discretion in denying Krougliak's motion.

B. Motion to Remand

We have, to date, not decided whether, in immigration proceedings, a motion to remand, filed after the entry of a final order should be treated as a motion to reopen. The Board of Immigration Appeals has spoken on the issue in the Matter of L-V-K, Interim Decision 3409, 1999 WL 607159 (BIA 1999). In that case, the Board determined that when a motion to remand is filed after a final order has been issued and proceedings have been

closed, "[u]nless and until such time as the proceedings are reopened," it will treat that motion as one to reopen proceedings. Id. at *4. The Fifth Circuit has approved of the Board's reasoning. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001) ("In order to return the matter to the immigration judge for fresh consideration of Wang's changed circumstances, the Board would first need to reopen Wang's case. Thus, the Board properly construed his motion as a motion to reopen, rather than a motion to remand."). To us as well, the Board's logic appears sound, reasonable, and entitled to deference--as procedurally it would be impossible to remand a case that had been closed. Therefore, we hold that when a petitioner files a motion to remand for adjustment of status after his case has been closed, that motion should be treated as one to reopen proceedings. The Board properly disposed of Kroulgiak's motion to remand as an untimely motion to reopen.

III.  CONCLUSION

   In light of the foregoing, we AFFIRM the decisions of the Board of Immigration Appeals.

FOOTNOTES

/1 In his request for advance parole, Krougliak did not mention that he intended to retrieve documents, relevant to his asylum petition, from his mother.

/2 In filing this motion, Krougliak was represented by counsel.