**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 13, 2005[*]
Decided December 27, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1085

| | |
|---|---|
| HUI ZHEN HUANG,<br>*Petitioner,* | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| *v.* | No. A97-324-008 |
| ALBERTO GONZALES,<br>*Respondent.* | |

**O R D E R**

Hui Zhen Huang, a native and citizen of China (Fujian Province), petitioned for asylum, withholding of removal, and relief under the Convention Against Torture, claiming a fear of persecution because of her political beliefs and activities. An Immigration Judge denied Huang's petition and the Board of Immigration Appeals affirmed the decision. Rather than petition for review of the Board's decision, Huang filed a motion to reopen, which the Board denied. Huang now petitions for review of the Board's latest decision.

---

[*] On December 1, 2005, we granted Hui Zhen Huang's motion to waive oral arguments; therefore the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(f).

Huang arrived from China at O'Hare International Airport without any valid entry documents so the Department of Homeland Security ("DHS") initiated deportation proceedings. Huang applied for asylum, claiming that the Chinese government twice tried to arrest her because she distributed pamphlets for the Chinese Democratic Party ("CDP"), an opposition group. She said that if she returned she could be arrested. After a hearing, the IJ denied her application for asylum and ordered her removed to China. The IJ acknowledged that the Chinese government targeted CDP activists, but nonetheless ruled that Huang failed to corroborate her claims or otherwise explain why the corroboration was unavailable. The Board upheld the decision.

Huang moved to reopen, claiming that she had new evidence to substantiate her fear of prosecution. First, she introduced affidavits from her father and a friend corroborating her contention that the government tried to arrest her because she was a member of the CDP. Second, she introduced a letter purportedly from the "Villagers Committee" of her home village directing her to "go to the government to surrender, and get the lenity from the government, otherwise, we will punish you once we captured [*sic*] you."

The Board denied the motion. The Board declined to consider the two affidavits because Huang failed to adequately explain why they were not available earlier at the hearing before the IJ. The Board also ruled that the village committee's letter did not warrant reopening. First, the letter was not authenticated under 8 C.F.R. § 287.6. Also, according to the State Department's asylum profile for China, "documentation from China is subject to widespread fabrication and fraud." Finally, Huang failed to testify or otherwise present evidence at the hearing to show that the authorities continued to look for her, and she did not explain why the village sent her a letter fourteen months after she left China.

Motions to reopen are "strongly disfavored," and we review the Board's denial of a motion to reopen for an abuse of discretion. *Fessehaye v. Gonzales*, 414 F.3d 746, 751-52 (7th Cir. 2005) (quoting *Selimi v. Ashcroft*, 360 F.3d 736, 739 (7th Cir. 2004)). A motion to reopen should be granted only if the movant presents evidence that was not available at the hearing before the IJ or could not have been discovered earlier by the exercise of due diligence. 8 C.F.R. § 1003.2(c)(1); *Krougliak v. I.N.S.*, 289 F.3d 457, 460 (7th Cir. 2002).

Huang disputes the Board's conclusion that she could have obtained the affidavits from her father and friend before the hearing. She argues that the Board did not explain how she could have obtained the affidavits while in DHS custody. But Huang, not the Board, faced the "heavy burden to reopen matters due to the discovery of previously unavailable evidence," *Krougliak*, 289 F.3d at 460. The

record reflects that Huang was able to contact her family and attorney while she was in DHS custody, yet she never explained why her detention prevented her or her attorney from more promptly obtaining the affidavits.

Huang also argues that the Board abused its discretion by discounting the significance of the village committee letter. Huang claims that the Board abused its discretion by relying too heavily on the State Department asylum profile for China, and cites *Gramatikov v. I.N.S.*, 128 F.3d 619, 620 (7th Cir. 1997), for the proposition that "[t]he advice of the State Department is not binding . . . on the courts." *Gramatikov*, however, goes on to note that State Department evaluations of the likelihood of future prosecution are given "considerable weight," and any alien challenging such an evaluation "had better be able to point to a highly credible independent source of expert knowledge" to contradict it. *Id.*; *see Pop v. I.N.S.*, 279 F.3d 457, 461-62 (7th Cir. 2002). Huang has done nothing to rebut the State Department's profile, and the Board did not err by relying on it to support its decision.

Huang further argues that she *could* authenticate the letter using procedures other than those stated in 8 C.F.R. § 287.6, *Georgis v. Ashcroft*, 328 F.3d 962, 969 (7th Cir. 2003); *see Kahn v. I.N.S.*, 237 F.3d 1143, 1144 (9th Cir. 2001) (per curiam). But she never took any steps to do so. In any event, the Board did not rely solely on Huang's failure to follow the regulation; the Board's decision was adequately supported on other grounds. *See Woldemskel v. I.N.S.*, 257 F.3d 1185, 1192 n.3 (10th Cir. 2001).

AFFIRMED.