NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 21, 2008*
Decided April 29, 2008

## Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

**Nos**. 07-2950 & 07-3583

| | |
|---|---|
| VOLODYMYR PAVLYK, also known as NIKOLAI NARYJKIN, NATALIA PAVLYK and IRYNA PAVLYK, also known as LUBA SAVCHUK, <br> *Petitioners*, <br><br>   **v.** <br><br>MICHAEL B. MUKASEY, Attorney General of the United States, <br> *Respondent*. | Petitions for Review of an Order of the Board of Immigration Appeals. <br><br>Nos. A95-924-674 <br>   A95-415-976 <br>   A95-924-704 |

## Order

  We denied Volodymyr Pavlyk's petition for review of an order that he (and his family) must be removed from the United States to Ukraine. 469 F.3d 1082 (7th Cir.

---

* These successive appeals have been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

2006). The Pavlyks then asked the Board of Immigration Appeals to reopen and, when the Board denied that request, asked it to reconsider. That motion, too, was denied, and the Pavlyks have filed two petitions for review, one from each of the orders.

The principal argument now advanced is that 8 U.S.C. §1158(a)(2)(B), which gives aliens only one year after entering the United States to seek asylum, is either inapplicable to the Pavlyks or unconstitutional. Such an argument does not support reopening, however; only developments that post-date a removal order may be urged in support of reopening. The immigration judge invoked §1158(a)(2)(B) against the Pavlyks in their removal hearing. The Pavlyks conceded untimeliness but argued that the immigration judge had not adequately considered the possibility of exceptions to the statute; we dismissed that aspect of the claim for lack of jurisdiction, see also *Jiménez Viracacha v. Mukasey*, 518 F.3d 511 (7th Cir. 2008), leaving only the Pavlyks' request for withholding of removal. The particular arguments that the Pavlyks now present were not before us in 2006, but a motion to reopen is not a means to advance purely legal arguments that were not made earlier. This is so whether or not the Pavlyks' failure to contest §1158(a)(2)(B) on their initial petition to this court meets the technical requirements of issue preclusion.

Much the same problem dogs the Pavlyks' argument that reopening is warranted by the risk of persecution should they be returned to Ukraine. They lack any evidence that conditions in Ukraine are materially different today than they were at the time of their hearing. Instead they seek to adduce new evidence that could have been presented earlier. For example, they contend that a letter the IJ and BIA considered in 2004 was a hoax. Whether the Ferents letter, dated May 18, 1998, was bona fide (and truthful, if genuine) was a subject that could have been addressed long ago. A motion to reopen is not a means to get a second bite at the apple and relitigate the removal proceeding with the benefit of hindsight. See 8 C.F.R. §§1003.2(c)(3)(ii), 1003.23(b)(4)(i). See also *Krougliak v. INS*, 289 F.3d 457, 460 (7th Cir. 2002). All of the evidence on which the Pavlyks now rely concern events that predate the hearing. The Board was entitled to confine its attention to the question whether conditions have changed for the worse in Ukraine since 2004.

The petitions for review are denied.