

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-2-2008

# Poghosyan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5002

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Poghosyan v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1278.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1278

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-5002

_____

MIKAYEL POGHOSYAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95-476-171)

_____

Submitted under Third Circuit LAR 34.1 (a)
on January 18, 2008

Before: SCIRICA, Chief Judge, BARRY and ROTH, Circuit Judges

Opinion filed: May 2, 2008

_____

O P I N I O N

_____

**ROTH**, <u>Circuit Judge</u>:

Mikayel Poghosyan petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. We will deny the petition because substantial evidence in the record supports the IJ's adverse credibility determination.

## I. Background and Procedural History

Poghosyan is a native of Armenia. The crux of his asylum, withholding, and Convention Against Torture claims is that he was persecuted because of his imputed political opinion, namely his perceived affiliation with former Minister of Internal Affairs and Mayor of Yerevan, Vano Syryaderyan, and accordingly with former President Ter-Petrossian's policies toward the disputed Nagorno-Karabakh region. Poghosyan argues that, because of his imputed political opinion, he suffered beatings and harassment and twice failed the police exam. He claims that he stopped working at the Ministry of Internal Affairs and hid at a family vacation home because he feared he would be killed.

Poghosyan submitted documentation in support of his claim, including hospital records, a letter from a psychologist in Armenia, and an article from a publication entitled *Ashtanak*. The *Ashtanak* article accused Poghosyan specifically of being a "true embodiment[] of the terror years" and "still practic[ing] the same cruel and unjust methods as [under Ter-Petrossian]." An in-country consular investigation determined that because

2

*Ashtanak* purported to be the "City's Independent Newspaper," "Registration Number 1165," the consulate would expect *Ashtanak* to be published by the only publishing house in Yerevan at which all newspapers are registered and printed and which is the only facility with the capacity to print a paper for mass distribution. However, *Ashtanak* was not registered, and the printing-house manager had never heard of it. The hospital records were examined by the Forensic Document Laboratory, which could not authenticate them.

The Immigration Judge denied Poghosyan's claims. She found that Poghosyan was not credible because 1) he submitted a "fake" newspaper article, 2) there were inconsistencies between his testimony and his own documents (including with respect to when he stopped working and when he sought psychological treatment), 3) he failed to provide corroborating documents, such as medical reports, and 4) he failed to call a witness (his mother) who lived in Philadelphia to corroborate his testimony.

The BIA affirmed the IJ's decision and order, finding no clear error in the adverse credibility finding. The BIA concluded that the IJ identified a number of discrepancies between Poghosyan's submitted evidence, application for relief, and testimony, which were central to his claim and which Poghosyan had failed to explain convincingly. The BIA stated in particular that 1) the record was equivocal as to when Poghosyan worked for the Ministry of Internal Affairs and when he left his position, 2) the IJ reasonably determined that the integrity of Poghosyan's claim was compromised because the consular report indicated that the *Ashtanak* article was not what it purported to be, and 3) the IJ noted the "incongruous

3

nature" of Poghosyan's claim that he was threatened and mistreated but was apparently also promoted after his "imputed political enemy rose to power." Poghosyan petitioned for review of the BIA's decision.

## II. **Jurisdiction and Standard of Review**

We have jurisdiction over Poghosyan's appeal under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA defers to the decision of an IJ, we must review the IJ's decision "to assess whether the BIA's decision to defer was appropriate." *Abdulai v. Ashcroft*, 239 F.3d 542, 549 n.2 (3d Cir. 2001). Adverse credibility determinations are reviewed for substantial evidence and are upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). We must uphold an adverse credibility determination "unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).[1]

An asylum applicant need not provide evidence corroborating his testimony unless it would be "reasonable" to expect him to do so. *Zheng v. Gonzales*, 417 F.3d 379, 382 (3d Cir. 2005) (citing *Abdulai v. Ashcroft*, 239 F.3d at 551). However, "'if it would be

---

[1]Poghosyan argues that the IJ's findings are not entitled to deference, asserting that her analysis was either insufficient or based on an inaccurate understanding of the record. *See Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir. 1998) ("[D]eference is not due where findings and conclusions are based on inferences or presumptions that are not reasonably grounded in the record viewed as a whole.") While particular statements in the IJ's decision (rendered orally) might have been more precise, her adverse credibility finding appears to be reasonably grounded in the record.

4

reasonable to expect corroboration, then an applicant who neither introduces such evidence nor offers a satisfactory explanation as to why he . . . cannot do so may be found to have failed to meet his . . . burden of proof.'" *Zheng*, 417 F.3d at 382 (quoting *Abdulai*, 239 F.3d at 551). Under the REAL ID Act, "'[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.'" *Zheng*, 417 F.3d at 383 n.2 (quoting 8 U.S.C. §1252(b)).

## III. <u>Analysis</u>

### A. Poghosyan's Asylum Claim

The Attorney General has the discretion to grant asylum to an alien who meets the definition of a "refugee." 8 U.S.C. § 1158(b). An individual qualifies as a "refugee" if he is "unable or unwilling" to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* at § 1101(a)(42). To establish eligibility for asylum, an alien must demonstrate past persecution by substantial evidence or a well-founded fear of persecution that is both subjectively and objectively reasonable. *Butt v. Gonzales*, 429 F.3d 430, 433 (3d Cir. 2005). An alien seeking asylum "ha[s] the burden of supporting [his] asylum claim[] through credible testimony." *Gao*, 299 F.3d at 272. In some cases, the alien may be required to provide documentary evidence to meet his burden of proof. *Id.*

We are satisfied that the adverse credibility determination in this case, which was affirmed by the BIA, was supported by substantial evidence. We have set out this evidence above. Moreover, in light of the shortcomings in Poghosyan's case, the IJ did not err in questioning the lack of corroboration for Poghosyan's claims.

**B. Poghosyan's Withholding of Removal and Convention Against Torture Claims**

Poghosyan's claims for withholding of removal and withholding under the Convention Against Torture are based on the same evidence as his asylum claim. Our conclusion that the adverse credibility determination was supported by substantial evidence applies with equal force to his withholding of removal and Convention Against Torture claims.

### IV. <u>Conclusion</u>

For the reasons set forth above, we will **deny** Poghosyan's petition for review.