## NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 29, 2008*
Decided May 30, 2008

### Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

**No**. 08-1705

| | |
|---|---|
| VOLODYMYR PAVLYK, also known as NIKOLAI NARYJKIN, NATALIA PAVLYK and IRYNA PAVLYK, also known as LUBA SAVCHUK, <br>     *Petitioners*, <br><br> **v.** <br><br> MICHAEL B. MUKASEY, Attorney General of the United States, <br>     *Respondent*. | Petition for Review of an Order of the Board of Immigration Appeals. <br><br> Nos. A95-924-674 |

### Order

We denied Volodymyr Pavlyk's petition for review of an order that he (and his family) must be removed from the United States to Ukraine. 469 F.3d 1082 (7th Cir.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

2006). The Pavlyks asked the Board of Immigration Appeals to reopen and, when the Board denied that request, asked it to reconsider. That motion, too, was denied, and we denied additional petitions for review. Nos. 07-2750, 07-3583 (7th Cir. Apr. 29, 2008) (nonprecedential order). The Pavlyks filed with the Board yet another motion to reopen, and this was denied as untimely and in excess of the number of motions allowed by law. Another petition for review has been filed concerning that decision.

As we remarked in April, the Pavlyks have contended since the outset of these proceedings that they are at risk of persecution should they be returned to Ukraine. That contention has been rejected repeatedly. Reopening is possible if country conditions change, but the evidence that the Pavlyks have presented in their multiple motions to reopen does not demonstrate any change in country conditions. The Board did not abuse its discretion in concluding that the latest motion is untimely and foreclosed for the further reason that an alien is entitled to file one motion to reopen, but not a second. 8 U.S.C. §1229a(c)(7)(A).

The petition for review is denied.