NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 30, 2013
Decided April 30, 2013

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-2380

YA ZHEN ZHU,
    *Petitioner*,

    *v.*

ERIC H. HOLDER, JR.,
Attorney General of the United States,
    *Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.

No. A077-353-787

**O R D E R**

Ya Zhen Zhu, a Chinese citizen, petitions for review of the denial of her application for asylum based on future persecution she claims she will suffer–-if removed—because of her conversion to Christianity in the United States. Because substantial evidence supports the BIA's decision, we deny the petition.

Zhu testified that before coming to the United States, she operated a music and video store in Fujian province. Among other things, her store sold pornographic videos, which were (unbeknownst to her, she says) illegal in China. When Chinese authorities discovered her illicit materials, they arrested Zhu, detained her for fifteen days, and gave her rough treatment along with inadequate food. After her release Zhu opened a new video store, this time without pornographic material for sale, but Chinese officials still accused her of selling pornography and did not believe her protests of innocence. Fearing another arrest, Zhu fled the country and in 2001 arrived in Los Angeles without proper documentation. She was detained at the airport and initiated her asylum application upon arrival. After several continuances and changes of venue, her asylum hearing finally took place in Chicago in 2010.

Zhu asserted three grounds for asylum, partly based on events that occurred after her initial asylum application. First, she asserted that she had suffered past persecution in China during her arrest, and that if she were removed to China, she would be the target of future persecution because of her previous sales of illicit materials. Second, she contended that if she were removed to China she would be subject to a fine and possibly forced sterilization because she married and had two children in the United States, in violation of Chinese family planning policy. Third, she argued that removal would subject her to religious persecution because she converted to Christianity after arriving in the United States, and practicing her faith in China would require her to attend an illegal "house church" rather than one of the state-sponsored registered churches.

The IJ denied Zhu's request for relief on all three grounds. The IJ concluded that her prior arrest in China did not constitute past persecution or give rise to a well-founded fear of future persecution, and in any event she had not demonstrated that such persecution would be on account of a protected ground. Additionally, the IJ ruled that Zhu's fear of sterilization was not objectively reasonable and that the fine she might face would not be large enough to constitute persecution. Finally, the IJ concluded that Zhu could not show that she would be singled out for persecution based on her religious beliefs. Also, her evidence of house-church members being persecuted did not describe anything so "systematic, pervasive, or organized" that would constitute a pattern or practice of persecution. *See* 8 C.F.R. § 208.13(b)(2)(iii). The IJ also found that tolerance of house churches in China varied by region, and that Zhu could try to relocate to a different region in China.

Although Zhu had originally applied for asylum, withholding of removal, and protection under the Convention Against Torture, she appealed only the denial of asylum—and only on the ground of religious persecution. Zhu also filed a motion to remand, which is treated the same as a motion to reopen because the IJ had already issued a

removal order at the time of filing, *Krougliak v. INS*, 289 F.3d 457, 461 (7th Cir. 2002). The motion purported to offer new evidence concerning heightened persecution of Christians in China—evidence that, she insisted, corroborated her claim that she would suffer religious persecution upon her return to China. She submitted an affidavit, accompanied by an unsigned statement from her father in China and a "notice" from the Lao Guang Village Committee—all of which, she says, show that she faces punishment if returned to China by authorities who oppose her church activities, and who have intercepted church-related materials she has sent to her parents.

The Board of Immigration Appeals upheld the IJ's decision, concluding that Zhu had not demonstrated either an "individualized risk of harm rising to the level of persecution" or a pattern or practice of persecution against those similarly situated to her. The Board also denied Zhu's motion to remand because the documents she submitted did not establish that a reopened proceeding before the IJ would "likely change the result in the case." The Board expressed doubts about the authenticity of Zhu's affidavit because there was no indication that it had been accurately translated from a statement she wrote in Chinese; the Board also questioned whether the village committee responsible for threatening Zhu actually possessed enough authority to act on its threats.

Zhu's petition is relatively undeveloped, and her principal challenge to the underlying decision concerns the denial of her claim asserting fear of future persecution based on religion. She acknowledges that the State Department's country profiles—which comprise her record evidence for why she fears religious persecution if returned to China—do not describe a widespread or systematic persecution of Christians who attend house churches in China. Nevertheless, she maintains that the reports "in no way preclude the possibility that the authorities also implement[ ] a pervasive, widespread approach in its crackdown of illicit house members." But it is Zhu's burden to provide evidence of a well-founded fear of future persecution, *Ni v. Holder*, 635 F.3d 1014, 1019 (7th Cir. 2011). That burden is especially high when asserting a pattern-or-practice theory, *see Raghunathan v. Holder*, 604 F.3d 371, 377 (7th Cir. 2010); *Krishnapillai v. Holder*, 563 F.3d 606, 620 (7th Cir. 2009). Zhu's speculation alone cannot support her argument, and she falls far short of showing that "the evidence *compels* a different result." *Chen v. Holder*, 604 F.3d 324, 330 (7th Cir. 2010) (internal quotation omitted).

Zhu also challenges the Board's denial of her motion to remand on two grounds. First, she asserts that the Board placed too high a burden on her to authenticate her evidence. She asserts that conditions in China make it especially difficult to obtain certification that meets the standards of American courts, and she maintains that the evidence, particularly the village committee's letter, bore sufficient indicia of reliability that the Board should have accorded it "proper weight." But although failure to authenticate

evidence is not by itself sufficient to reject an otherwise relevant document, *Shtaro v. Gonzales*, 435 F.3d 711, 717 (7th Cir. 2006), here the Board did not rely exclusively on that ground. The Board properly accorded Zhu's documents limited weight because she failed to account for the accuracy or completeness of their translation from Chinese. And it also concluded that, assuming the authenticity of the village committee's letter, it was "far from clear" that any punishment the committee would impose on Zhu would rise to the level of persecution.

Zhu's second argument in support of her motion to remand is that the Board "impliedly" required her to show that she would "definitely" face persecution if returned to China, instead of requiring only a prima facie case for a well-founded fear of future persecution. But the Board need not grant a motion to remand even if the movant establishes a prima facie case for asylum; granting or denying the motion is entirely a matter of the Board's discretion. *See* 8 C.F.R. § 1003.2; *Moosa v. Holder*, 644 F.3d 380, 385 (7th Cir. 2011). Here the Board evaluated Zhu's motion to remand in light of her assertion of a prima facie case for asylum and concluded that her "new evidence" was insufficiently reliable or probative to meet her heavy burden. That conclusion was not an abuse of discretion. *See Kucana v. Holder*, 130 S. Ct. 827, 834 (2010).

Accordingly we DENY the petition for review.