**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3931
_____

MIKAYEL POGHOSYAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-476-171)
Immigration Judge:  Honorable R.K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2014
Before:  JORDAN, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: February 26, 2014)
_____

OPINION
_____

PER CURIAM

Mikayel Poghosyan petitions for review of an order of the Board of Immigration

Appeals (BIA) denying his motion to reopen.  For the reasons detailed below, we will

deny the petition for review.

Poghosyan is a citizen of Armenia. He was admitted to the United States in July 2001 as a nonimmigrant visitor, and in June 2002, filed applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The Department of Homeland Security then issued a notice to appear, charging that Poghosyan was removable under 8 U.S.C. § 1227(a)(1)(B) as an alien who had stayed in the United States longer than permitted.

Poghosyan appeared before an Immigration Judge (IJ) and testified in support of his applications. He claimed that opponents of the politician Vano Syryaderyan believed that Poghosyan worked for and was loyal to Syryaderyan. Based on this belief, Poghosyan testified, these individuals beat him, harassed him, and caused him twice to fail an examination to become a police officer.

The IJ concluded that Poghosyan had not testified credibly and thus denied all relief to him. The credibility determination was based in part on the IJ's evaluation of a newspaper article that Poghosyan had submitted, which purported to show that he was hated in Armenia. The government forwarded the article to the American Consulate in Armenia to assess its veracity; the investigator was unable to find any record whatsoever of the newspaper, which the IJ concluded reflected negatively on Poghosyan's credibility. Poghosyan appealed to the BIA, which dismissed his appeal. The BIA perceived no error in the IJ's credibility determination, including the IJ's analysis of the newspaper article.

2

Poghosyan then filed a petition for review to this Court, which we denied in May 2008. See Poghosyan v. Att'y Gen., 276 F. App'x 254 (3d Cir. 2008).

Poghosyan was removed to Armenia on August 12, 2009, and returned to the United States without permission three months later. In July 2013, he filed the motion to reopen that is at issue here. That motion concerns, in large part, the newspaper article discussed above. Poghosyan stated that the newspaper article had been mistranslated; that is, while the original translation stated that the newspaper was published in the Armenian capital city of Yerevan, it was actually published in the nearby city of Ashtanak. Thus, Poghosyan argued, the investigator's failure to find any record of the newspaper was the result of his searching in the wrong city. In addition to a re-translated version of the newspaper article, Poghosyan also submitted documentation concerning current conditions in Armenia.

The BIA denied Poghosyan's motion, concluding that it was untimely and did not qualify for any exception to the general time limitation. More specifically, the BIA ruled that Poghosyan had failed to present material evidence of changed country conditions in Armenia; that the re-translated newspaper article did not qualify as "new or previously unavailable evidence"; that the agency's previous credibility determination had not been based solely on the newspaper article; and that Poghosyan had not presented an exceptional situation that warranted sua sponte reopening. Poghosyan then filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review the BIA's denial of Poghosyan's motion to reopen for abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Motions to reopen are "plainly disfavor[ed]," because "[t]here is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases." INS v. Abudu, 485 U.S. 94, 107, 110 (1988). The BIA's decision is thus entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (quotation marks omitted), and it "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (quotation marks omitted).

Here, because Poghosyan did not file his motion to reopen within 90 days of the final order of removal, he may proceed only if his motion relies on evidence of "changed country conditions." 8 U.S.C. § 1229a(c)(7)(C)(ii). Such a motion must be based on "evidence [that] is material and was not available and would not have been discovered or presented at the previous proceeding." Id.

The BIA did not err in denying Poghosyan's motion to reopen. Poghosyan spends the majority of his brief arguing that the BIA abused its discretion by refusing to reopen the case sua sponte; however, "[b]ecause the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or

4

reconsider the case." Desai v. Att'y Gen., 695 F.3d 267, 269 (3d Cir. 2012) (quotation marks omitted). While there are two narrow exceptions to this rule — a decision to deny sua sponte relief can be reviewed if it is based on an incorrect legal premise, see id., or if the BIA has "restricted the exercise of its discretion by establishing a 'general policy' of reopening sua sponte" under specific circumstances, Cruz v. Att'y Gen., 452 F.3d 240, 249 (3d Cir. 2006) — neither exception applies here. Therefore, we will dismiss Poghosyan's petition insofar as it challenges the BIA's decision not to reopen sua sponte.

Poghosyan next objects to the BIA's rejection of his claim of changed country conditions. We discern no error in the BIA's conclusion that he failed to present the requisite "evidence [that] is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii). As an initial matter, it was reasonable for the BIA to conclude that the evidence concerning current conditions in Armenia was not "material" because it did not rebut the agency's prior adverse credibility finding. See Khan v. Att'y Gen., 691 F.3d 488, 497 (3d Cir. 2012). Further, while the re-translated newspaper article does bear on Poghosyan's credibility, it was reasonable for the BIA to conclude that this evidence was available and could have been presented at the initial hearing. It was Poghosyan who submitted the article with the faulty translation, and the article's provenance was discussed (and briefed) before the IJ; the BIA did not abuse its discretion in concluding that the correct translation could have been presented at that time. See Krougliak v. INS, 289 F.3d 457, 460 (7th Cir. 2002).

5

Finally, Poghosyan contends that the BIA violated his due process rights. To prove such a claim, Poghosyan "must show that he was prevented from reasonably presenting his case." Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006) (quotation marks omitted). Poghosyan, however, identifies no deficiency in the procedures the BIA employed in the reopened proceedings. In essence, Poghosyan simply disagrees with the BIA's holding, and is "cloth[ing] [that argument] in the garb of due process." Jarbough v. Att'y Gen., 483 F.3d 184, 190 (3d Cir. 2007). His challenges to the merits of the BIA's decision fail for the reasons detailed above. To the extent that he asserts that his due process rights were violated in the underlying hearing, we lack jurisdiction to consider that claim. See Stone v. INS, 514 U.S. 386, 405 (1995); Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 89-90 (2d Cir. 2001).

Accordingly, we will dismiss Poghosyan's petition for review in part and deny it in part.