**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

──────────────

No. 16-2713

──────────────

MICKEL MESA RAMIREZ
a/k/a Mickel Mesa,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent

──────────────

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A044-686-503)
Immigration Judge:  Leo A. Finston

──────────────

Submitted under Third Circuit LAR 34.1(a)
on May 24, 2017

Before: HARDIMAN, ROTH and FISHER, <u>Circuit Judges</u>

(Opinion filed: November 17, 2017)

──────────────

OPINION[*]

──────────────

─────────────────

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Mickel Mesa Ramirez, an immigrant who was ordered removed because of his multiple criminal convictions, petitions for relief from an order denying his motion to reopen his case and reissue a previous Board of Immigration Appeals (BIA) order. For the foregoing reasons, we will deny in part, and dismiss in part, Mesa's petition for review.

I.

Mesa, a citizen of the Dominican Republic and a permanent resident of the United States, was ordered removed in May 2014 on account of his numerous criminal convictions, including various possession of controlled substances charges and one distribution charge. Mesa appealed to the BIA, and the BIA affirmed the removal order. Mesa was ineligible for cancellation of removal because his distribution charge was designated as an aggravated felony. Accordingly, Mesa was deported in January 2015. After he was deported, the Superior Court of New Jersey vacated the conviction for his aggravated felony charge based on ineffective assistance of counsel, rendering him eligible for cancellation of removal. On July 2, 2015, the BIA received Mesa's motion to reopen his case.[1] Later in the month, the National Immigration Project of the National Lawyers Guild requested to file an amicus brief in this appeal.

In August 2015, the BIA denied the motion to reopen on timeliness grounds, as the motion was filed more than 90 days after the final administrative order. Because Mesa

---

[1] Notably, Mesa filed his appeal on April 2, 2015, but the BIA rejected it because he failed to file a change of address form.

claims that he was not served with notice of this decision, in October 2015, he requested that the BIA reissue the decision; when this was denied, he renewed his request in February 2016. In March 2016, the BIA vacated the August 2015 decision and issued an Amended Order clarifying that it had accepted the National Lawyers Guild as amicus curiae, but again denying Mesa's motion to reopen. Days later, Mesa submitted yet another motion to reissue and reopen. On May 13, 2016, the BIA construed Mesa's latest request to reissue and reopen as a motion to reopen and reconsider; it again denied both motions. Mesa then timely petitioned for review to this Court.

## II.[2]

On appeal, Mesa raises numerous arguments, including that 1) the BIA erroneously construed Mesa's May 2016 motion to reopen and reissue as a motion to reopen and reconsider, 2) this Court should review the BIA's decision from August 2015 because Mesa was never served with it, and 3) the BIA erroneously denied his motion to reopen. For the following reasons, we do not find any of these arguments meritorious.

## A.

Mesa first argues that the BIA erroneously failed to rule on Mesa's motion to reissue. Mesa correctly notes that while his motion was titled a motion to reopen and reissue, the BIA construed it as a motion to reopen and reconsider because the BIA thought he was "not actually seeking reissuance."[3]

---

[2] We have jurisdiction over petitions for review of final agency decisions under 8 U.S.C. § 1252.

[3] App. 2 n.1.

3

While the BIA did disregard the title of the motion, its decision to construe the motion as a motion for reconsideration and not a motion to reissue was not erroneous.[4] The BIA has the ability to construe a motion when it is erroneously titled.[5] Here, the opinion Mesa requested to be reissued was already vacated,[6] rendering its reissuance an impossibility. Additionally, the motion does not mention reissuance anywhere other than the title; the substance of the body discusses the motion to reopen and Mesa's remaining removable acts.[7] Accordingly, the BIA liberally construed the motion as a motion for reconsideration in Mesa's favor.

## B.

Mesa alternatively requests that we review the BIA's August 2015 decision because his petition for review of that decision is still timely. A petition for review must be filed within 30 days of the final order of removal,[8] and this period does not begin until the BIA mails its decision to the petitioner's address of record.[9] Mesa claims that

---

[4] Circuits have reviewed this decision under inconsistent standards. *Compare Krougliak v. I.N.S.*, 289 F.3d 457, 460 (7th Cir. 2002) (applying abuse of discretion), *with Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001) (applying plain error). Under any of these standards, however, the BIA's decision was proper.

[5] *See*, *e.g.*, *Krougliak*, 289 F.3d at 461 (approving the BIA's construction of a motion to remand as a motion to reopen); *Wang*, 260 F.3d at 452 (same).

[6] App. 28 n. 1.

[7] App. 14-17.

[8] 8 U.S.C. § 1252(b)(1). Because the denial of a motion to reopen is also a final order of removal, *Jahjaga v. Attorney Gen. of U.S.*, 512 F.3d 80, 82 (3d Cir. 2008) (citing *Cruz v. Attorney Gen. of U.S.*, 452 F.3d 240, 246 (3d Cir. 2006)), this statute of limitations applies here.

[9] *Singh v. I.N.S.*, 315 F.3d 1186, 1188 (9th Cir. 2003) (citation omitted); *see also Radkov v. Ashcroft*, 375 F.3d 96, 99 (1st Cir. 2004).

4

because the August 2015 decision was never served on him, his appeal remains timely. We disagree.

Mesa contends that he never received the decision because the BIA's decision did not purport to have been mailed to the Dominican Republic. However, in July 2015 Mesa requested that any letters "continue to be mailed to" his sister's address, as it is "easier for her to receive [his] documents."[10] He filed a change-of-address form, indicating that his sister's New Jersey address should be the address of record,[11] and the August 2015 decision was mailed to this address.[12] Mesa does not allege that the decision did not arrive at the address on record; accordingly, the thirty-day period in which to file a petition for review has expired, and his petition for review is untimely.

## C.

Finally, Mesa appeals the BIA's August 2015 denial of his motion to reopen. Because this petition for review is untimely, as noted above, we need not discuss its merits.

## III.

For the aforementioned reasons, we will dismiss in part and deny in part the petition for review.

---

[10] App. 130.
[11] App. 131.
[12] App. 59.