**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2018[*]
Decided June 29, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3622

| | |
|---|---|
| OTGONNAMAR YUCHIN, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals |
| | |
| *v.* | No. A097-374-540 |
| | |
| JEFFERSON B. SESSIONS III, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Otgonnamar Yuchin, who also goes by the name Ganaa Otgoo, is a Mongolian citizen who seeks review of the order of the Board of Immigration Appeals denying his motion to reopen removal proceedings. Yuchin wants to file applications for asylum and protection under Article III of the Convention Against Torture. He asserts that he was persecuted by members of the Mongolian People's Party, and he now fears future

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

persecution because, after he was found removable in April 2017, he learned that the MPP had returned to power in June 2016. Because the Board did not abuse its discretion, we deny the petition for review.

Yuchin was arrested and beaten by members of the MPP before he entered the United States on a student visa in 2004. He was granted asylum and became a legal permanent resident, but two years later he was convicted of aggravated battery and lost his legal status. Yuchin left the United States in 2009 to attend a funeral in Canada; when he reentered, he was immediately placed in removal proceedings. Yuchin then bounced between Illinois criminal court (he was convicted of burglary, but the conviction was later vacated, and of retail theft twice) and immigration court for years. During most of this time Yuchin was incarcerated or in immigration custody.

Finally, in April 2017, an immigration judge found Yuchin inadmissible because his retail theft conviction was a crime involving moral turpitude, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I). Yuchin unsuccessfully appealed the decision to the Board and did not seek review in this court. Later, however, he filed a motion to reopen the removal proceedings based on newly discovered evidence. The Board denied the motion, finding that the evidence could have been presented at Yuchin's removal hearing.

We review the Board's denial of a motion to reopen for abuse of discretion, upholding the Board's decision unless it lacks a rational explanation or rests on an impermissible ground. *See Darinchuluun v. Lynch*, 804 F.3d 1208, 1217 (7th Cir. 2015).

The Board did not abuse its discretion here. To reopen removal proceedings based on newly discovered evidence, the movant bears a "heavy burden" of showing that the evidence "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *Krougliak v. I.N.S.*, 289 F.3d 457, 460 (7th Cir. 2002). Yuchin's "newly discovered evidence" consists of various articles detailing country conditions in Mongolia—documents that either predate, or address political events that predate, Yuchin's hearing before the immigration judge. Yuchin maintains that the evidence was not available to him because it was "in another country," and he was incarcerated without access to the internet. The record confirms that Yuchin was housed at the Pulaski County Detention Center during his removal proceedings—the same detention facility where he was housed when he filed the motion to reopen. Yet, as the Board noted, despite his ongoing detention Yuchin somehow collected the evidence to support the motion to reopen, even with the limited access he reported. Because he had sufficient opportunity and

means to produce evidence, he has not shown that he "could not" have discovered before his final hearing that the government of Mongolia had changed months earlier.

Yuchin prefers to argue the merits of his case for asylum and other relief based upon the likelihood of persecution or torture by the MPP, but he cannot seek those remedies unless his case is reopened. Because he offers no reasonable explanation for why he could not find or present the "newly discovered" evidence earlier, the Board did not abuse its discretion by denying his request to reopen proceedings. We therefore DENY the petition for review.