In the

# United States Court of Appeals
## For the Seventh Circuit

No. 04-2226

BAO HUA LIN,

*Petitioner,*

*v.*

ALBERTO GONZALES,[1]

*Respondent.*

On Petition to Review an Order of the
Board of Immigration Appeals.
No. A78 382 935

ARGUED JUNE 15, 2005—DECIDED JANUARY 23, 2006

Before POSNER, COFFEY, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* While she was in proceedings to be removed from the United States, Chinese national Bao Hua Lin gave birth in Chicago to her third child. She sought to reopen proceedings based on an expert's affidavit suggesting that returning Chinese citizens with U.S.-born children were not exempt from China's one-child, family planning policy. The Board of Immigration Appeals denied Lin's request because she offered no expla-

---

[1] Pursuant to FED. R. APP. P. 43(c), we have substituted Alberto Gonzales, the present Attorney General of the United States, for his predecessor in office.

nation why the affidavit could not have been offered earlier. We agree and deny the petition.

At her removal hearing in April 2002, Lin testified that she and her husband came from Fujian province, where they had a daughter and then a son. Their son was born under circumstances that apparently violated family planning rules. According to Lin, a family with a daughter was permitted to have a second child once the daughter reached the age of four, but she became pregnant again too soon. Fearing that government officials would force her to abort her pregnancy, she hid at a relative's home until she gave birth to her son. Later, she claimed, family planning officials planned to have her sterilized. She and her husband decided to flee, and they hired "snakeheads" to smuggle them into the United States (leaving behind the two children with her parents). Her husband arrived first and she followed, arriving without travel documents at Boston's Logan Airport in September 2000. She was promptly detained and placed in removal proceedings. Less than a year later, however, she gave birth in Chicago to a daughter, and then applied for asylum, withholding of removal, and relief under the Convention Against Torture.

The immigration judge denied Lin's application. He found Lin not credible, partly because she had testified inconsistently and partly because her husband and sisters in the United States failed to appear at her hearing to corroborate her testimony. The Board adopted and affirmed the IJ's order in December 2003.

Lin did not appeal that order, and instead in January 2004 filed with the Board a motion to reopen proceedings based on new evidence purportedly confirming that she would be forcibly sterilized if returned to China. She offered the birth certificate of her U.S.-born child and an affidavit from May 2003 by John Shields Aird, a retired U.S. Census

Bureau demographer, which described China's family planning rules for Chinese citizens with foreign-born children. Aird's affidavit (which had been prepared in connection with a different asylum proceeding in New York) included several statements from Chinese officials suggesting that the one-child policy applies to Chinese nationals living abroad.

The Board denied the motion to reopen because Lin's additional evidence was not new or otherwise unavailable at the time of the removal hearing. The Board explained that Lin had, at the hearing, already presented a "longer" affidavit from Aird regarding China's family planning policy, and "the affidavit now being offered could have been offered earlier as well."

In her petition for review, Lin argues that the Board erred in denying her motion to reopen by failing to adequately consider Aird's 2003 affidavit. She disputes the Board's conclusion that this affidavit is not "new" and argues that it addresses a specific issue not covered in Aird's more generalized first affidavit—namely, the treatment by Chinese family planning authorities of Chinese citizens with foreign-born children. She also asserts, somewhat dismissingly, that the affidavit was "facially 'previously unavailable'" because it "did not exist at the time of the Petitioner's previous hearing."

The BIA may reopen removal proceedings if the alien presents new evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see Simtion v. Ashcroft*, 393 F.3d 733, 737 (7th Cir. 2004). Further, a motion to reopen should not be granted unless the evidence presented "'could not by the exercise of due diligence have been discovered earlier. . . .'" *Krougliak v. INS,* 289 F.3d 457, 460 (7th Cir. 2002) (quoting *Matter of Coelho*, 20 I & N Dec. 464, 472 n.4 (BIA 1992)). The BIA has "broad

discretion" to deny a motion to reopen on grounds of new evidence. *INS v. Doherty*, 502 U.S. 314, 323 (1992).

The Board perhaps sold short the significance of Aird's 2003 affidavit by remarking that a "longer" version was presented at the hearing. Unlike the earlier affidavit that broadly surveyed China's general family planning policy, the 2003 affidavit focused on China's policy toward parents of U.S.-born children and specifically disputed the State Department's contention that children born to Chinese citizens abroad are not counted under family planning rules. Indeed, in three recent cases, our sister circuits have overturned BIA decisions for failing to consider similar affidavits submitted by Aird. *See Yang v. Gonzales*, 427 F.3d 1117, 1122 (8th Cir. 2005); *Zheng v. Gonzales*, 415 F.3d 955, 963 (8th Cir. 2005); *Guo v. Ashcroft*, 386 F.3d 556, 565 (3d Cir. 2004) (overturning denial of motion to reopen).

But Lin's argument fails on other grounds. She has not explained why Aird's 2003 affidavit could not have been submitted much earlier. Having a third child abroad, she knew before her removal hearing in 2002 that the issues addressed in the affidavit were critical. Most of the sources that Aird relied upon in his 2003 affidavit date back to the 1990s, so that information was available and reasonably discoverable at the time of the removal hearing, and certainly by the time that the BIA rendered its final decision in December 2003. *See Haile v. Gonzales*, 421 F.3d 493, 497 (7th Cir. 2005). Because Lin gave no reason for delaying so long to submit Aird's affidavit, the Board acted within its discretion to deny the motion to reopen.

The petition for review is DENIED.

No. 04-2226 5

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*