**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 24, 2007[*]
Decided February 12, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1740

| | |
|---|---|
| JIN XIU JIANG,<br>    *Petitioner,* | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| *v.* | No. A78-015-767 |
| ALBERTO R. GONZALES,<br>    *Respondent.* | |

**O R D E R**

Jin Xiu Jiang petitions for review of the denial of her motion to reopen her removal proceedings. A Chinese national claiming persecution on account of her Christianity, Jiang originally applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), but her application was denied. In her motion to reopen, Jiang argued, with little elaboration, that the Board of Immigration Appeals (BIA) erred in denying relief. Because her motion to reopen did not present new evidence that was unavailable during the initial hearing, the BIA denied the motion. We now deny her petition for review.

---

[*] We granted Jiang's unopposed motion to waive oral argument, and thus the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(f).

Jiang arrived at Los Angeles International Airport in 2002 without proper travel documents and was promptly apprehended and placed in removal proceedings. She later conceded removability, but applied for asylum, withholding of removal, and protection under the CAT. In her application, Jiang stated that she would be persecuted if sent back to her home province of Fujian because she and her mother were Christians. Jiang also asserted that she would be persecuted because she and her boyfriend violated local marriage regulations by holding a wedding banquet at the age of 22. According to Jiang, local law requires a woman to be 23 and a man 25 before they can marry. At the hearing Jiang testified that local officials arrested her father and threatened to arrest her for having a Christian wedding without government approval. According to Jiang, seven or eight village cadres burst into the church where the wedding ceremony was being conducted and tried to arrest her, but she and her boyfriend managed to escape. She reported that the church was later torn down. She also testified that her father warned her that she would be arrested and detained if she returned to China.

The IJ denied Jiang's application. He found her testimony not credible for several reasons, among them that: (1) she lied to the inspector at the airport, claiming that she had no relatives in the United States when in fact her mother had lived in the country for roughly a decade, and (2) in his letter to the IJ, Jiang's husband did not mention the religious ceremony that was supposedly interrupted. The IJ determined that Jiang was ineligible for asylum because she had never been arrested, detained, or subjected to other forms of persecution in China. The IJ similarly determined that Jiang could not show that there was a clear probability of future persecution, so she was ineligible for withholding of removal. Finally, because the IJ found her not credible and she had no corroborating evidence, Jiang could not establish that there was the possibility of future torture, and was therefore not eligible for relief under the CAT. Jiang appealed and the BIA affirmed.

Jiang then moved to reopen the BIA's decision. She disputed the IJ's adverse credibility finding and asserted generally that she had testified credibly and that her "application and testimony were consistent throughout." The only evidence Jiang provided with the motion was her own affidavit, which reiterated that she had suffered religious persecution and faced torture if returned to China.

The BIA denied Jiang's motion to reopen. It noted that Jiang had made the same claims in her initial application, and that the application had been denied by the IJ and affirmed by the BIA because she had not established past persecution or a likelihood of being subjected to torture if returned to China. To the extent that Jiang was seeking reconsideration of its decision affirming the IJ's denial of her earlier application, the BIA found that that request was untimely because it was

not filed within 30 days. *See* 8 C.F.R. § 1003.2(b)(2).

On appeal Jiang argues that the BIA abused its discretion in denying her motion to reopen because its decision was based on errors of law and fact regarding the sufficiency of her motion. Focusing on her CAT claim, Jiang asserts— again in only general terms— that she presented enough evidence to support her fear of torture if she returned to China.

Under 8 C.F.R. § 1003.2(c)(1), a motion to reopen must be accompanied by new evidence that will be proven if the motion is granted. *See id.*; *Lin v. Gonzales*, 435 F.3d 708, 710 (7th Cir. 2006). The motion must also be supported by affidavits or other evidentiary material that could not have been presented at the former proceeding. *See Patel v. Gonzales*, 442 F.3d 1011, 1015-16 (7th Cir. 2006).

Here Jiang does not point to new facts or evidence. The evidence she relies upon was already available before the BIA when it rendered a final decision in the case. *See Haile v. Gonzales*, 421 F.3d 493, 497 (7th Cir. 2005) (denying petition for review of denial of motion to reopen because petitioner's evidence was available before BIA made its decision); *Hernandez-Baena v. Gonzales*, 417 F.3d 720, 724 (7th Cir. 2005) (denying petition for review of denial of motion to reopen because different translations of documents already in record did not constitute new facts or evidence supporting claim). Jiang's petition essentially reargues the merits of her original application, but the denial of that application is beyond our review. She did not timely petition for review of the BIA's order affirming the IJ's denial of asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1252(b)(1) (petition for review must be filed no later than 30 days after date of final order of removal); *Asere v. Gonzales*, 439 F.3d 378, 380 (7th Cir. 2006).

For these reasons, the petition for review is DENIED.