NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2008[*]
Decided August 19, 2008

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3702

| | |
|---|---|
| YAN ZHEN YANG,<br>        *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A77-340-208 |
| MICHAEL B. MUKASEY,<br>        *Respondent*. | |

**O R D E R**

This case is before us for the second time. Yan Zhen Yang was ordered removed to her native China. She twice moved to reopen her removal proceedings, and the Board of Immigration Appeals twice denied her motion. We denied her first petition for review, *see Yang v. Gonzales*, 216 Fed. App'x. 584 (7th Cir. 2007), and we now dismiss her second, because we lack jurisdiction to consider it.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Yang came to the United States in 2000. She applied for asylum, withholding of removal, and protection under the Convention Against Torture, claiming that she feared persecution because she planned to have several children in violation of China's one-child policy and because she is Christian. In 2004 an immigration judge denied her application and ordered her removed, finding that she had not established a well-founded fear of future persecution based on her religion or her disagreement with China's one-child policy. The IJ concluded that Yang, who had given birth to a son in the United States, did not face a reasonable possibility of sterilization if she returned to her rural village in Fujian province. The BIA affirmed the decision, and Yang did not petition this court for review.

In March 2006, nine months after the BIA had issued its decision and while Yang was pregnant with her second child, she filed her first motion to reopen the proceedings. She asserted that officials in her hometown were enforcing China's family planning policy by forcibly sterilizing citizens who had more than one child. In May 2006 the BIA denied the motion as untimely. The BIA further concluded that, even if Yang had put forward material evidence of changed country conditions and was thus exempted from the 90-day time limitation for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii), she had not demonstrated prima facie eligibility for asylum because she had not shown a reasonable likelihood that parents of foreign-born children would be sterilized in China or that she would be punished with more than a fine and "pressure" to undergo sterilization. We denied her petition for review, concluding that the BIA had not abused its discretion because she had presented no evidence that conditions in China had worsened for violators of the one-child policy. *Yang*, 216 Fed. App'x. at 587.

Three months after we denied her petition for review, Yang filed a second motion to reopen her case, again claiming that conditions in China had changed such that, if returned, she would be forcibly sterilized for violating the one-child policy. She attached to her motion several documents purportedly supporting her assertion that conditions in China had worsened. She also included her own affidavit recounting conversations with her mother. She asserts that, in these conversations, her mother told her that two residents of her hometown were forcibly sterilized after giving birth to a second child and that, because the "villager committee" knows that Yang has two sons, Yang "would have to undergo necessary sterilization procedures" when she returns to China. In May 2006 the BIA denied her motion to reopen because it was her second and was filed well outside the 90-day deadline. *See* 8 C.F.R. § 1003.2(c)(2). The BIA reasoned that Yang was not exempt from the number and time limitations because she had not established that conditions in China had changed. *See id.* § 1003.2(c)(3)(ii). The BIA rejected Yang's documentary evidence; some of that evidence, the BIA explained, had been available to Yang at the time of her asylum hearing in 2004, and the rest concerned the specific situations of other Chinese citizens or had previously ben rejected by the BIA as insufficient to establish changed country

conditions, or was irrelevant.  In particular, the BIA said, Yang's affidavit was based upon second-hand accounts that were not entitled to evidentiary weight.  Moreover, the BIA reasoned that Yang had not put forward evidence that there was a realistic chance she would be sterilized.  It also concluded that any "'moderate'" fines she may be assessed would not rise to the level of persecution.  Finally, the BIA declined to exercise its discretion to reopen the proceedings *sua sponte*.

In the year and a half since we denied Yang's first petition for review, we have made clear that we have no jurisdiction to review the BIA's discretionary decisions declining to reopen immigration proceedings unless the petitioner raises a genuine question of law.  *See Huang v. Mukasey*, Nos. 07-2961, 07-3322, 07-3673, 07-3840, 2008 WL 2738067, at *1 (7th Cir. July 15, 2008); *Kucana v. Mukasey*, No. 07-1002, 2008 WL 2639039, at *3 (7th Cir. July 7, 2008).  A question of law can arise if, en route to a decision whether to reopen proceedings, the BIA misinterprets a statute, regulation, or the Constitution; misreads its own precedent; applies an incorrect legal standard; or fails to exercise its discretion at all.  *See Huang*, 2008 WL 2738067, at *1.  But Yang points to no error in the BIA's application of the law.  Instead, she argues that it abused its discretion by addressing an argument she says she did not raise and by determining that she did not establish that conditions in China had worsened for mothers who violate the one-child policy.  Thus, her petition for review must be DISMISSED for lack of jurisdiction.