NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 17, 2009[*]
Decided August 4, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2588

| | |
|---|---|
| YAN ZHEN YANG, *Petitioner-Appellant,* | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A077 340 208 |
| ERIC H. HOLDER, JR., *Respondent-Appellee.* | |

**O R D E R**

Yan Zhen Yang, a Chinese national, appeals the denial of her third motion to reopen removal proceedings. We affirm.

---

[*]This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Yang arrived in the United States from southern China in 2000 and applied for asylum, withholding of removal, and protection under the Convention Against Torture. She primarily premised her claims on a fear of persecution based on her Christianity, but also noted her opposition to China's family-planning policies (though she was childless at the time). An immigration judge denied relief, and the Board of Immigration Appeals summarily affirmed; Yang did not seek judicial review.

Yang twice moved to reopen the proceedings based on changed country conditions, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Joseph v. Holder*, 579 F.3d 827, 831 (7th Cir. 2009), but was unsuccessful. The first time she sought to reopen proceedings, in March 2006, she was pregnant with her second child and contended that officials in her hometown had stepped up enforcement of China's family-planning policy by forcibly sterilizing women with more than one child. We upheld the Board's denial of the motion because Yang had not shown that conditions had materially changed in China since her last proceeding before the Board. *Yang v. Gonzales*, 216 F. App'x 584, 588 (7th Cir. 2007). By the time she filed her second motion to reopen in May 2007, she had given birth to her second child and she described harsher treatment in her village toward returnees with U.S.-born children. We dismissed her petition because, under circuit precedent at the time, *see Kucana v. Mukasey*, 533 F.3d 534, 538 (7th Cir. 2008), *rev'd*, 130 S. Ct. 827 (2010), we believed we lacked jurisdiction to review most discretionary denials of motions to reopen. *Yang v. Mukasey*, 289 F. App'x 132, 134 (7th Cir. 2008).

Yang filed a third motion to reopen in November 2008, again alleging heightened local enforcement of the country's family-planning policy and expressing fear that her two children increased the likelihood of her being forcibly sterilized upon return. Among the materials Yang submitted, however, only a few actually postdated her last motion: affidavits from her and her husband describing their fears of sterilization, the 2007 State Department country report, a letter from her cousin in China recounting that she was forcibly sterilized after giving birth to a second child, an unauthenticated hospital certificate with an illegible signature purporting to document the cousin's sterilization, and a letter from her father-in-law in China who wrote that he was (at some unspecified point) wrongfully arrested and imprisoned on trumped-up charges of gambling because his son had fathered two children. She also submitted a document that predated her last motion—a notice (dated October 2006) from the Birth Control Office of Guantao Town in Fujian, stating that she and her husband had violated family-planning rules by having two children, and directing them to report immediately to that office for sterilization. The Board denied her motion to reopen, noting that much of her evidence had previously been presented, and that the new evidence was insufficient to demonstrate a change in China's family-planning policy.

On appeal, Yang maintains that she provided sufficient corroborative evidence to show changed country conditions for purposes of reopening. But only evidence that could not be presented at a previous proceeding justifies reopening, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), *Bao Hua Lin v. Gonzales*, 435 F.3d 708, 711 (7th Cir. 2006); *Haile v. Gonzales*, 421 F.3d 493, 497 (7th Cir. 2005), and the only evidence here that is new does not compel that action. Yang emphasizes that the Board disregarded the notice from the village birth-control office specifically targeting her for sterilization. The Board was not obligated to credit this unauthenticated document, but even if the document were authentic, this village birth-control notice predated Yang's last motion to reopen, and thus is not evidence of changed conditions since the previous proceeding. *See Lin*, 435 F.3d at 711; *Haile*, 421 F.3d at 497. Our earlier decisions acknowledge the State Department's country reports over many years documenting sporadic instances of sterilization, *see, e.g.*, *Chen v. Holder*, 604 F.3d 324, 328 (7th Cir. 2010); *Huang*, 525 F.3d at 566; *Wang v. Keisler*, 505 F.3d 615, 623 (7th Cir. 2007); *Huang v. Gonzales*, 453 F.3d 942, 948 (7th Cir. 2006), but Yang has not shown that conditions have worsened *since May 2007*, when she last moved to reopen. Reports of continuing abuse is not evidence of changed circumstances that would mandate reopening. *Zhao v. Gonzales*, 440 F.3d 405, 407 (7th Cir. 2005).

Yang also argues that the Board's decision is contrary to *Lin v. Mukasey*, 532 F.3d 596, 597 (7th Cir. 2008), in which we determined that the Board had erred by disregarding a similar village notice targeting the petitioner for sterilization because of her three children. In *Lin* we deemed this notice suggestive of changed circumstances, particularly when considered together with Fujian's revised family-planning regulations that threatened to sanction violators with severe fines. But as the Board noted, *Lin* is distinguishable because the Attorney General in that proceeding conceded the notice's authenticity. The evidence in *Lin* also raised the prospect of the fine being so onerous as to amount to persecution; here, by contrast, Yang made no such showing. Indeed, Yang had earlier testified that she paid a smuggler $50,000 to enter the United States, belying any notion that she could not afford any fine she might face. *See Huang*, 525 F.3d at 564.

Finally, Yang also contends that changes in her personal circumstances, namely the birth of her two sons, permit the reopening of her petition. But changes in personal circumstances do not justify reopening proceedings, *e.g.*, *Cheng Chen v. Gonzales*, 498 F.3d 758, 760 (7th Cir. 2007); *Zhao*, 440 F.3d at 407, and in any case, the birth of both children before her last motion to reopen is not evidence of changed conditions.

AFFIRMED.