NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 2, 2012
Decided February 6, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 12-1253

| | |
|---|---|
| MANDEEP SINGH,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A087-321-972 |
| ERIC H. HOLDER, JR.,<br>Attorney General of the United States<br>    *Respondent*. | |

**O R D E R**

Mandeep Singh, a 25 year-old citizen of India, entered the country without inspection in 2001. After he applied for an adjustment in status in 2008, an immigration judge ordered his removal, and his application was denied. He now petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen his removal proceedings. We conclude that the board did not abuse its discretion and deny Singh's petition.

Singh married a U.S. citizen in 2007 and has applied for permanent resident status, but his current status as an alien who entered the country without inspection prevents him

from becoming a permanent resident without first returning to India and reapplying at the American embassy. So Singh applied under 8 U.S.C. § 1255(i) to adjust his status to that of an alien lawfully admitted for permanent residence—a reclassification that might allow him to become a permanent resident without leaving the country. Section 1255(i) permits an alien present in the United States without inspection to adjust his status if he can show that he is the child of an alien who filed an approvable visa petition before May 2001. *Id.* § 1255(i); 8 C.F.R. § 1245.10(a); *Ahmed v. Gonzales*, 465 F.3d 806, 808 (7th Cir. 2006). Singh's application relied on a visa petition filed in 1998 by his stepmother, an American citizen, on his father's behalf. But the Department of Homeland Security denied Singh's application—under the rationale (since abandoned) that the 1998 petition had not listed Singh as one of the father's children—and initiated removal proceedings.

At Singh's removal hearing, the immigration judge granted Singh a continuance, warning him that he would need to submit documents showing that his father's 1998 petition was approvable when it was filed. The IJ also ordered the government's attorney to provide him and Singh with copies of the government's files regarding the father's 1998 petition. The government now admits that it did not comply with this order.

The hearing reconvened nearly one year later, and Singh submitted copies of his birth certificate, his father's visa petition, and his father's marriage certificate. But the IJ concluded that Singh failed to establish that the father's petition was approvable when filed because he did not show that the father's marriage—which lasted only two years—was bona fide. Accordingly, the IJ denied Singh's application to adjust status. The Board of Immigration Appeals upheld the IJ's determination.

Singh soon moved to reopen his case and attached several documents which he did not present at his removal hearing, including an affidavit from the father describing his genuine love for his ex-wife and the history of their relationship, several photos of their civil marriage ceremony, and copies of the ex-wife's passport and birth certificate. The motion, signed only by Singh's counsel, explained that these documents were not available at the hearing because they had been in storage in India, and Singh had been unable to get his father to retrieve them in time.

The Board denied the motion, concluding that Singh had not met his burden to show why he had been unable to submit these documents at his removal hearing. The Board noted that the representations of Singh's counsel regarding the delay did not constitute evidence, and thus could not excuse the delay. And even if some of these documents were in storage, the Board added, counsel's representations did not explain why Singh could not have obtained the affidavit from the father earlier.

Singh now petitions for review, insisting that the documents were unavailable at the time of the removal proceeding because they were in storage in India, and that his immigration status made it impossible for him to retrieve them personally. He maintains that he was not permitted to impress upon the Board how difficult the documents were to obtain.

But Singh was given an opportunity to establish due diligence—he was free to submit an affidavit explaining the delay. *See, e.g., Krougliak v. INS*, 289 F.3d 457, 459 (7th Cir. 2002); *see also El-Gazawy v. Holder*, 690 F.3d 852, 860 (7th Cir. 2012) (submitting affidavits supporting motion to reopen due to ineffective assistance of counsel). Indeed Singh used this opportunity to submit his father's affidavit.

Nor did the Board abuse its discretion by requiring Singh to explain the delay in retrieving the documents. A petitioner seeking to reopen his removal proceedings bears the burden of demonstrating that the new evidence he seeks to submit "was not available and could not have been discovered or presented at the former hearing" and must support that contention with "affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c); *Lin v. Gonzales*, 435 F.3d 708, 711 (7th Cir. 2006); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (7th Cir. 2005).  An assertion by counsel is not evidence.

One final note: At argument the government conceded that it did not comply with the IJ's order to produce the government's file on Singh's father. We expect a higher degree of cooperation by government attorneys in facilitating the efforts of applicants and immigration judges to develop a complete record. Although the dereliction of its duty to turn over the file pursuant to the IJ's order is indefensible, it does not excuse Singh from the requirement that he provide evidence that the documents he sought to introduce belatedly were previously unavailable.  Nor does it not rise to the level of a due process violation. Singh has no liberty or property interest in having his status adjusted—a purely discretionary form of relief. *See Cevilla v. Gonzales*, 446 F.3d 658, 662 (7th Cir. 2006); *Hamdan v. Gonzales*, 425 F.3d 1051, 1061 (7th Cir. 2005). In any event, the issue is waived. Contrary to the representations at oral argument by Singh's counsel, Singh did not present his due process argument to the Board. *See Umezurike v. Holder*, 610 F.3d 997, 1003 (7th Cir. 2010); *Mekhtiev v. Holder*, 559 F.3d 725, 729 (7th Cir. 2009).

The petition is **DENIED**.