NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 20, 2013
Decided December 6, 2013

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-2267

| | |
|---|---|
| NADEEM MALIK,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A047 698 522 |
| ERIC H. HOLDER, JR.,<br>Attorney General of the United States<br>    *Respondent*. | |

## O R D E R

Nadeem Malik, a citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals upholding an immigration judge's denial of his motion to reopen. Malik, who attained conditional permanent residency based on his marriage to a U.S. citizen, was ordered removed after he divorced because the IJ determined that he failed to establish that his marriage was bona fide. Malik moved to reopen, attaching as

new evidence a recent affidavit from his ex-wife, but the IJ denied the motion, and the Board affirmed. Because the Board did not abuse its discretion, we deny Malik's petition.

In 1998, Malik married Uzma Harris, a U.S. citizen, in Pakistan. He came to the United States in 2000 after being admitted as a conditional permanent resident based on the marriage. *See* 8 U.S.C. § 1186a. About six months later, the couple separated. Malik later left Brooklyn—where the couple had been living with Harris's mother—and moved to Chicago. Malik and Harris divorced in 2005.

Malik made several attempts to remove the conditions on his permanent residency. In order to remove the conditions and become a permanent resident, Malik was required to file an I-751 petition, with Harris, establishing the bona fides of their marriage during the 90-day period before Malik's second anniversary in the United States. *See* 8 U.S.C. § 1186a(c). The couple was then required to appear before the Department of Homeland Security for a personal interview. *See* 8 U.S.C. § 1186a(d). In 2002, during their separation, Malik and Harris jointly filed their I-751 petition, which was denied in 2004 because the couple failed to appear for an interview. Malik later filed another I-751 petition without Harris, this time requesting a discretionary waiver of the joint filing requirement.[1] Malik submitted evidence to show that he did not marry Harris to evade the immigration laws, including an apartment lease, wedding photos, a bank statement in his name, two affidavits from friends that provided no details about the marriage, and a divorce decree. In 2008, U.S. Citizenship and Immigration Services ("USCIS") determined that Malik's evidence was insufficient to establish that the marriage was bona fide. Malik did not provide additional evidence that the marriage was entered into in good faith, and in June 2008, USCIS terminated his conditional residence status and notified him that he could challenge its determination at his removal proceedings. In the meantime, Malik filed a third I-751 petition for a discretionary waiver. There is no indication that this third petition contained materials different from his second petition, which USCIS also rejected.

In April 2009, USCIS issued a Notice to Appear, charging Malik with

---

[1] The Secretary of Homeland Security may grant a discretionary waiver if the petitioner demonstrates that "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the requirements." 8 U.S.C. § 1186a(c)(4)(B).

removability under 8 U.S.C. § 1227(a)(1)(D)(i) because his status as a conditional permanent resident had been terminated. At a hearing before an immigration judge, Malik disputed USCIS's finding that the marriage was not bona fide, but the IJ found that removability was established by clear and convincing evidence. Malik renewed his I-751 petition for a waiver under 8 U.S.C. § 1186a(c)(4)(B). He submitted additional evidence that the couple entered their marriage in good faith, including a statement for a joint bank account in his and Harris's names, copies of letters that Harris sent to Malik before their marriage, and his own affidavit as well as affidavits from Harris's mother and Malik's brother and father, all attesting to the authenticity of the marriage. Following a merits hearing in August 2011, the IJ denied the petition and ordered Malik removed to Pakistan.

In September 2011, Malik moved to reopen under 8 C.F.R. § 1003.23(b)(1). He argued that previously unavailable evidence—a recently-obtained affidavit from Harris characterizing their marriage as bona fide and describing their courtship, later estrangement, and divorce—warranted reopening because this evidence showed that the marriage was authentic and that Malik qualified for permanent residence. In the motion to reopen, Malik asserted that he could not reach Harris during the prior proceedings and thus could not provide the affidavit. Harris acknowledged in the affidavit that after Malik moved to Chicago, he "tried many . . . times to contact [her] through [her] mother but [Harris] always refused to see him."

The IJ denied Malik's motion to reopen, rejecting the contention that the affidavit was unavailable and could not have been discovered or presented at a prior hearing. The IJ explained that Malik's assertion in the motion to reopen that he "could not reach his ex-spouse" was not evidence and that Malik had submitted no affidavit or other evidence corroborating that he tried to contact Harris or explaining why Harris's affidavit was not available or discoverable earlier. The IJ noted that Malik's case was pending for more than two years (from 2009 to 2011), that he had four separate hearings during that time, and that the two years provided Malik reasonable time and opportunity to obtain a statement from Harris.

Malik appealed the IJ's decision to the Board, arguing that he "had no access to his ex-wife and could not obtain or present any testimony from her in the prior . . . hearings." He maintained that Harris had remarried, moved, and changed her phone number, but that he "kept tracking her incessantly and finally found her." He argued generally that Harris's affidavit would have likely changed the outcome of the removal hearing and insisted that the facts revealed that he "made every effort to contact his ex-

wife."

The Board adopted the IJ's reasoning and affirmed. It reiterated that Malik's removal proceeding was pending for two years and that he had presented no evidence to show that Harris's affidavit was unavailable during that time. The Board acknowledged the assertion of Malik's attorney in both the motion to reopen and the brief on appeal that Malik was unable to locate Harris, but the Board agreed with the IJ that an attorney's statements in a motion or brief are not evidence. Finally, the Board found no exceptional circumstances that would warrant reopening the proceedings sua sponte.

In his petition for review, Malik argues that his motion to reopen adequately demonstrated that Harris's affidavit was unavailable during the removal proceedings. Malik maintains that he could not reach Harris during proceedings because she remarried, "went into hiding," and made herself "unavailable to everyone who was a common friend or acquaintance." He points to Harris's affidavit, in which she acknowledged his repeated attempts to contact her, and urges that he was able to obtain the affidavit only after a friend of his ran into Harris in a shopping mall in New York and told her about Malik's removal order.

Although Malik now provides a plausible explanation of why he did not obtain Harris's affidavit, the standard for reopening removal proceedings is a rigorous one. The immigration judge must be "satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3). Malik has not demonstrated that the Board abused its discretion in affirming the IJ's decision. *See Ajose v. Gonzales*, 408 F.3d 393, 395 (7th Cir. 2005) ("The Board enjoys considerable leeway when dealing with motions to reopen."). First, the Board did not abuse its discretion by discounting Malik's contention that he could not reach Harris earlier; he did not make this assertion in an affidavit, and the Board simply relied on the well-established rule that statements in a motion or a brief are not evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984); *Gross v. Knight*, 560 F.3d 668, 672 (7th Cir. 2009); *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009); *In re S-M-*, 21 I. &. N. Dec. 49, 51 (BIA 1998).

Second, the Board did not abuse its discretion by refusing to credit Harris's statement in the affidavit that Malik made several attempts to contact her. Harris's statement did not specify the number and timing of Malik's attempts to contact her, and Malik offers no reason that the Board should have inferred that these attempts were

made during the two-year period that his case was pending. *See Victor v. Holder*, 616 F.3d 705, 710 (7th Cir. 2010) (denial of motion to reopen not an abuse of discretion where it was unclear why additional affidavit was unavailable during proceedings and affidavit only reaffirmed testimony and exhibits presented at removal hearing); *Lin v. Gonzales*, 435 F.3d 708, 710–11 (7th Cir. 2006) (even though affidavit contained significant new evidence, denial of motion to reopen was not abuse of discretion because most of the information in the affidavit was available during removal proceedings and petitioner gave no reason for her failure to submit the affidavit earlier). The petition for review is DENIED.