NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 10, 2015
Decided July 6, 2015

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2615

| | |
|---|---|
| FERNANDO CORNELIO-CASTRO, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A 200-836-650 |
| LORETTA E. LYNCH, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Fernando Cornelio-Castro, a 41-year-old Mexican citizen, petitions for review of the denial of his request for cancellation of removal. The immigration judge denied Cornelio-Castro relief after determining that he had not established ten years' continuous physical presence as required by 8 U.S.C. § 1229b(b)(1)(A). The judge did not consider untimely affidavits attesting to Cornelio-Castro's date of entry, and the Board of Immigration Appeals refused to remand his case for consideration of those documents. Because the Board did not abuse its discretion in denying Cornelio-Castro's request for a remand, we deny the petition. To the extent Cornelio-Castro challenges the judge's factual determination, we dismiss the petition for lack of jurisdiction.

Cornelio-Castro came to the attention of the Department of Homeland Security after he was arrested for driving without a license and under the influence of alcohol. The Department issued a notice to appear in July 2010, and the immigration judge determined that he was removable for having entered the United States without being admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i).

Cornelio-Castro sought cancellation of his removal under 8 U.S.C. § 1229b(b). To be eligible for this relief, he had to establish, among other requirements, that he had "been physically present in the United States for a continuous period of not less than 10 years" before receiving the notice to appear. 8 U.S.C. § 1229b(b)(1)(A), (d)(1)(A). The immigration judge instructed Cornelio-Castro to submit any corroborating evidence no later than 15 days before the final removal hearing.

At the hearing Cornelio-Castro tried to prove ten years of presence in the United States by asserting that he came to the country in March 2000 and promptly moved in with his brother in Chicago. To support this assertion, he submitted a letter he received in August 2001 at a Chicago address and United States tax records from 2008 through 2012. As the judge noted, though, Cornelio-Castro did not submit any documents substantiating his presence in the United States before August 2001. Cornelio-Castro responded that, in the first years after his arrival, his employer paid him in cash, he did not file tax returns or have a bank account, and he had thrown away receipts of money transfers to his wife in Mexico.

Eight weeks after the hearing, Cornelio-Castro submitted an affidavit from his brother, as well as his own affidavit, attesting that he entered the United States in March 2000 and that he lived with his brother until November 2002.

The immigration judge denied Cornelio-Castro relief, concluding that he failed to establish ten years of continuous physical presence in the United States. She emphasized the lack of corroborating evidence showing his presence in the country before August 2001. Apparently unaware of the two affidavits, the judge stated that Cornelio-Castro's brother lived in Chicago and the brothers were in contact with one another, but Cornelio-Castro "did not submit a letter or affidavit from him to establish his entry date to the United States." She added that she could not give much weight to Cornelio-Castro's "self-serving testimony" regarding his entry date, "[g]iven the lack of evidence filed with the Court," as well as Cornelio-Castro's own admissions—a reference, the government suggested at oral argument, to Cornelio-Castro's admissions at his hearing that his brother lived in Chicago but had not provided an affidavit.

On appeal to the Board, Cornelio-Castro argued that the immigration judge erred by refusing to credit his uncorroborated testimony and by failing to consider the two affidavits. But the Board agreed with the judge that, under the REAL ID Act, see 8 U.S.C. § 1229a(c)(4)(B), Cornelio-Castro's "testimony regarding his date of entry, standing alone, was insufficient" to meet his burden of showing ten years of continuous physical presence. With regard to the two affidavits, the Board, citing *Matter of Coehlo*, 20 I. & N. Dec. 464 (BIA 1992), said that a remand for consideration of the affidavits was "not warranted" because Cornelio-Castro did not explain how they were "previously unavailable to him or could not otherwise have been timely submitted."

In this petition Cornelio-Castro maintains that the Board and immigration judge erred by refusing to consider his two affidavits. According to Cornelio-Castro, the Board improperly relied on *Coelho*, which, he says, does not apply to aliens like him who are eligible for relief from removal and seek to introduce untimely but "crucial" evidence.

Cornelio-Castro's attempt to distinguish *Coelho* is not persuasive. That case pointed out merely that motions to reopen and motions for a new hearing based on newly discovered evidence are disfavored in removal proceedings—disfavored because delays benefit the removable alien who wishes to remain in this country—and should not be granted unless the evidence presented "could not by the exercise of due diligence have been discovered earlier." *Coelho*, 20 I. & N. Dec. at 472 n.4. Cornelio-Castro essentially asks us to excuse compliance with filing deadlines when untimely evidence is material, but he cites to no authority supporting this proposition. The judge had the authority to demand compliance with the filing deadline. See 8 C.F.R. § 1003.31(c) ("If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived."); *Hussain v. Gonzales*, 424 F.3d 622, 626 (7th Cir. 2005). And though he now attributes his brother's delay in submitting an affidavit to an unwillingness to expose his immigration status to government officials, Cornelio-Castro did not develop that argument in his brief to the Board, alluding only to his family members' "fear of becoming known." See *Lin v. Gonzales*, 435 F.3d 708, 710 (7th Cir. 2006); *Krougliak v. INS*, 289 F.3d 457, 460 (7th Cir. 2002); see also 8 C.F.R. § 1003.2(c)(1) (instructing Board not to reopen proceedings to consider new evidence unless "it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"). Moreover, Cornelio-Castro did not offer any explanation for why he could not have submitted his *own* affidavit earlier.

Cornelio-Castro next generally alludes to his due process rights being deprived. But a non-citizen's "right to due process does not extend to proceedings that provide only discretionary relief," such as cancellation of removal. *Hamdan v. Gonzales*, 425 F.3d 1051, 1061 (7th Cir. 2005); see *Adame v. Holder*, 762 F.3d 667, 670–71 (7th Cir. 2014).

Finally, Cornelio-Castro argues that the immigration judge failed to weigh properly the evidence he presented, including what he characterizes as "his very specific testimony" concerning the timing of his entry into the United States. But we may not review the denial of a request for cancellation of removal unless the petitioner presents a constitutional or legal argument. See 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); *Adame,* 762 F.3d at 672; *Cruz-Moyaho v. Holder,* 703 F.3d 991, 997 (7th Cir. 2012). A "disagreement with the weight assigned by the immigration courts to particular evidence does not present a question of law." *Adebowale v. Mukasey*, 546 F.3d 893, 896 (7th Cir. 2008); see *Huang v. Mukasey*, 534 F.3d 618, 621 (7th Cir. 2008); *Khan v. Mukasey*, 517 F.3d 513, 517–18 (7th Cir. 2008).

The petition for review is DENIED to the extent we have jurisdiction and DISMISSED as to the remainder.